## In re INVESTIGATION OF WORLD ARRANGEMENTS WITH RELATION TO PRODUCTION, ETC., OF PETROLEUM.

### Misc. No. 19–52.

United States District Court
District of Columbia.

Oct. 6, 1952.

Fowler Hamilton, New York City, for Standard-Vacuum Oil Co.

Hugh B. Cox, New York City, for Standard Oil Co. of N. J.

John Cahill, New York City, for Standard Oil Co., of California.

George S. Leisure, New York City, for Socony Vacuum Co.

Leo T. Kissam, New York City, for California-Texas Oil Co.

David T. Searls, Chicago, Ill., for Arabian American Oil Co.

William D. Whitney, New York City, for Asiatic Petroleum Corp.

Leonard J. Emmerglick, Sp. Asst. to Atty. Gen., for the United States.

KIRKLAND, District Judge.

On September 3, 1952, a special grand jury was convened in the District of Columbia to investigate "production, transportation, refining, and distribution of petroleum in possible violation of Title 15 U.S.C.A. sections 1–23". On or about August 5, 1952, a four page subpoena duces tecum was served upon twenty-one large oil companies. Shortly thereafter several of the oil companies filed numerous motions. This memorandum is in response to the motions seeking a discharge of the grand jury and/or a transfer of the proceedings to another jurisdiction.

Initially, the court wishes to make the observation that able counsel for both sides have produced extensive and full argument, supplemented by numerous briefs and documents, in stating their positions. An exhaustive review of their citations and a further independent investigation into the relevant law guided the court to its present conclusion.

It appears to be fairly well established that a judge may discharge a grand jury at any time, for any reason or for no reason and whether the grand jury has finished the matter in hand or not.

The opening sentence of Rule 6(g), Federal Rules of Criminal Procedure, 18 U.S. C.A., states:

"A grand jury *shall serve until discharged by the court* but no grand jury may serve more than 18 months." (Italics supplied.)

This doctrine is also supported by the cases of In re National Window Glass Worker, D.C., 287 F. 219–225; United States v. Smyth, D.C., 104 F.Supp. 283–292.

This court specifically limits itself to dismissal of a grand jury only where there is good cause. The court feels that grand juries should be consistently advised of their power to act independently in investigations and their duty to diligently inquire into crimes triable in the District of Columbia. Nor should the court, without cause, intervene to discharge a grand jury to prevent an indictment. Cf. United States v. Smyth, supra.

The movants contend the discharge of this particular grand jury should be effectuated because fourteen members are employees of the United States Government and they will therefore "lack something of being an impartial jury". Frazier v. United. States, 335 U.S. 497–514, 69 S.Ct. 201, 210, 93 L.Ed. 187. (Dissent by Justice Jackson.) However, the law on the latter point seems fairly well settled in this jurisdiction having been reviewed and determined in several instances. Our District of Columbia Code reads:

"All * * * persons, otherwise qualified according to law whether em-

ployed in the service of the government of the United States or of the District of Columbia * * * shall be qualified to serve as jurors in the District of Columbia and shall not be exempt from such service * * *." D.C.Code, § 11–1420, 1952 Ed.

United States v. Wood, 299 U.S. 123, 57 S. Ct. 177, 81 L.Ed. 78; Frazier v. United States, supra; Dennis v. United States, 339 U.S. 162, 70 S.Ct. 519, 94 L.Ed. 734; May v. United States, 84 U.S.App.D.C. 233, 175 F.2d 994. The court does not feel itself in a position to overrule what the United States Supreme Court has determined to be the local controlling law on three separate occasions. Accordingly, the court sees no valid reason to exercise its discretionary power of discharging the grand jury.

The principal argument submitted by the movants centers around their request that the present grand jury investigation be transferred to the Southern District of New York. They cite Rule 21(b), Federal Rules of Criminal Procedure, as being the means under which the court may act. Rule 21(b) provides:

"The court *upon motion of the defendant* shall transfer the proceedings as to him to another district or division, *if it appears from the indictment or information or from a bill of particulars* that the offense was committed in more than one district or division *and* if the court is satisfied *that in the interest of justice* the proceeding should be transferred to another district or division in which the commission of the offense is charged." (Italics supplied.)

Counsel for the movants point out their principal offices and files are outside the District of Columbia and that there will be inconvenience and expense in transporting all the necessary books and records to this jurisdiction. They further state that all available data indicates that few, if any, of the alleged events to be investigated occurred in the District of Columbia, instead a substantial number of such alleged events occurred in the Southern District of New York. These, and other representations, have had great weight with the court. Indeed, one cannot help but be impressed with the apparent hardship that may come upon these movants. But the concern for the calamity indicated must stop at the stages of sympathy.

The court agrees with counsel that its power to transfer a proceeding to another jurisdiction is governed by the above-quoted Rule 21(b). In passing, it is worth noting that the United States Supreme Court expressly reserved its opinion on whether Rule 21(b) covers anti-trust prosecutions at all. United States v. National City Lines, Inc., 334 U.S. 573, 594, Ft.N. 43, 68 S.Ct. 1169, 92 L.Ed. 1584. This court will also reserve its view on that particular point.

■■ For the movants to be entitled to the benefit of this Rule they would have to be identified as a "defendant". Counsel for a number of the movants state they are, for all purposes of the rule, "defendants". The court does not find any support for their conclusion. Until there has been an indictment against the movants, they are not "defendants" within the meaning of Rule 21(b). Furthermore, there is no "indictment, information or bill of particular" in the record, as required by the rule, showing the specific offenses under investigation. At this stage of the proceedings the issue of jurisdiction cannot yet be determined. Nor should a forecast of the probable results of the grand jury investigation be made to determine whether removal is warranted. Until the precise nature of the offense is known a court should not exercise its discretionary power. Only after the particular charge is ascertained, and since the rule uses the conjunction "and", can a trial court determine whether "in the interest of justice" the proceeding should be transferred to another district.

■ From the research made, Rule 22 appears to implement Rule 21(b) and under the former Rule, a motion to transfer may be made "at or before arraignment or at such other time as the court or these rules may prescribe". The expression "or at such other time as the court or these rules may prescribe" can not be taken from context to give the court the authority to transfer a proceeding prior to the return or ignoring of an indictment.

Counsel for the oil companies have relied heavily on United States v. National City Lines, D.C., 7 F.R.D. 393. It is to be observed, an indictment *had been* returned in the cited case and the California District Court, through Judge Yankwich, was fully aware at the time he expressed his views of the formal charges laid against the defendants therein.

The motion to transfer the proceedings to another jurisdiction, having been prematurely brought, is hereby denied.